UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  12-14409-CIV-MOORE
          (09-14059-CR-MOORE)
MAGISTRATE JUDGE P.A. WHITE

JAMES T. BYRNE,                    :

         Movant,                   :

v.                                 :          REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,          :

         Respondent.               :
_____

        This  matter  is  before  this  Court  on  the  movant's  motion  to
vacate pursuant to 28 U.S.C. §2255, attacking his conviction and
sentence entered in Case No. 09-14059-Cr-Moore.

        This  Cause  has  been  referred  to  the  undersigned  for
consideration  and  report  pursuant  to  28  U.S.C.  §636(b)(1)(B)  and
Rules  8  and  10  of  the  Rules  Governing  Section  2255  Cases  in  the
United States District Courts.

        The Court has reviewed the motion and brief in support thereof,
with  exhibits  [CV-DE#1],  the  government's  response,  with  exhibits
[CV-DE#9],  movant's  reply,  with  exhibits  [CV-DE#14],  and  all
pertinent  portions  of  the  underlying  criminal  file.

                              Claims

        Ground One:  Ineffective assistance of counsel based on
        Movant's  lawyer's  failure  to  properly  advise  Movant
        regarding  the  sentencing  guidelines  that  would  apply
        prior  to  entering  his  guilty  plea.

        Ground Two:  Ineffective assistance of counsel based on
        Movant's  lawyer's  failure  to  properly  advise  Movant

                                 1

[prior to his plea][1] that if he denied he was depicted in "relevant conduct photos" from 2007 and 2008 he risked losing a three level reduction for acceptance of responsibility.

<u>Ground Three:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to properly advise Movant prior to his plea that acceptance of responsibility may not have significant enough value at sentencing to waive his right to a jury trial.

<u>Ground Four:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to file a motion to suppress evidence discovered pursuant to the execution of the Florida search warrant.

<u>Ground Five:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to challenge the federal search warrant.

<u>Ground Six:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to challenge state search warrant on possessory rights protection of the 4th Amendment.

<u>Ground Seven:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to secure medical evidence of K.K., when P.S.R. enhanced for the alleged vaginal penetration and the A.U.S.A. proffered a picture depicting vaginal penetration.

<u>Ground Eight:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to obtain for Movant the pictures that were being used against him to demonstrate sexual conduct to the Court.

<u>Ground Nine:</u>  Ineffective assistance of counsel based on Movant's lawyer's failure to challenge the 27 hardcopy photos obtained from Mrs. Byrne's attorney (17 of which are also referred to in the federal search warrant affidavit) as a violation of marital communication privilege.

---

[1] Movant alleges that, had he been properly advised, he would not have waived his right to trial or to appeal his sentence [DE#1, p.49 (page 28 of Movant's brief in support of his motion)].

2

## Introduction

Movant was charged with production of child pornography.  The alleged victim was K.K., a 12-year old mentally handicapped girl. Movant pled guilty pursuant a written plea agreement.  At sentencing, Movant received 360 months' imprisonment, the statutory maximum for the offense charged.

In this proceeding, Movant raises multiple claims of ineffective assistance of counsel prior to the entry of his guilty plea.  Indeed, with the exception of Ground Seven and perhaps Ground Eight, all of Movant's grounds for relief raise claims of pre-plea ineffectiveness.  Of these, Grounds One, Two and Three raise claims that challenge the knowing and voluntary nature of Movant's plea. Because Movant's claims of pre-plea ineffectiveness turn on the knowing and voluntary nature of his plea, those claims are due to be addressed first.  And because the Court concludes for the reasons set forth *infra* that Movant cannot prevail on his challenge to the knowing and voluntary nature of his plea, the Court sets forth the procedural history and factual background relevant to that challenge only.[2]

## Procedural History and Factual Background

The procedural history and factual background relating to Movant's claim that his plea was unknowing and involuntary are largely not in dispute.  Movant was charged with production of child pornography, in violation of 18 U.S.C. §2251(a) and (e) [CR-DE#20]. On January 25, 2010, Movant pled guilty pursuant to a written plea agreement [See CR-DE##34-39].  In the plea agreement, Movant acknowledged that he understood that his sentence would be imposed by the Court pursuant to the federal sentencing guidelines, relying

---

[2]To the extent that any additional procedural history or factual background is necessary to address any arguable claims of post-plea ineffectiveness, such shall be set forth in connection with the discussion of those claims.

in part on the results of a pre-sentence investigation that would not commence until after Movant's guilty plea was entered.  Movant further acknowledged in the plea agreement that he understood that the Court could im impose a maximum term of imprisonment of up to thirty (30) years.

In the plea agreement, the government reserved the right to inform the Court and probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not.  Movant further acknowledged that he was aware that the sentence had not yet been determined by the Court and that any estimate of the probable sentence, whether it came from Movant's attorney, the government, or the probation office, was a prediction, not a promise, and was not binding on the government, the probation office, or the Court.

In the plea agreement, the government also made a number of concessions to Movant.  Specifically, the government agreed to recommend up to a 3-level reduction of Movant's base offense level for timely acceptance of responsibility, and further agreed to recommend that Movant be sentenced to the low end of the guideline range, so long as the guideline range was determined to be at least 262-327 months.  The parties further agreed to jointly recommend that the Court impose a sentence within the advisory guideline range, and that the Court neither depart upward or downward therefrom. Finally, Movant acknowledged that he was fully satisfied with the representation he had received form his attorney.

At the change of plea hearing, the magistrate judge conducted a careful and thorough Rule 11 plea colloquy [See, generally, CR-DE#45].  The Court confirmed that it was Movant's signature that appeared on the plea agreement and the accompanying stipulated factual basis, and further confirmed that Movant had had a chance to read the plea agreement completely, review it with his attorney, and have his attorney answer any questions before signing it.  The

Court nevertheless reviewed with Movant specific provisions of the plea agreement, including the statutory maximum term of imprisonment, and how the federal sentencing guidelines would be applied to his case.  In addition, the Court specifically confirmed that Movant understood that the Court would not be able to determine an advisory guideline range until after the presentence investigation report was completed, and that the sentence imposed might be different from any estimate his attorney might have given him.  When questioned regarding whether he was fully satisfied with the counsel, representation and advice he had received from his attorney, Movant replied "Yes.  Absolutely."

With regard to the stipulated factual basis that was submitted to the Court along with the plea agreement, the record reflects that the last paragraph was changed to state that there were at least two additional images depicting K.K. engaged in sexual activity as defined in the statute, rather then describing the acts themselves [CR-DE#45, pp.11-12].  This was the result of specific negotiations by Movant's lawyer to avoid those pictures from being included in the PSR and to thereby minimize Movant's sentencing exposure [CV-DE#1, pp. 15-16 (Movant's answer to question 12, pp.1-2); CV-DE#1, p.42 (Movant's brief in support of his motion, p.21)].

A presentence investigation report was prepared in anticipation of sentencing [See, generally, PSI].  Movant's base offense level was 32.  Nineteen levels were added for various enhancements, including four (4) levels because the offense involved a minor who had not attained the age of 12 years, and four (4) levels because the offense involved material that portrayed sadistic or masochistic conduct.  Three (3) levels were deducted due to Movant's timely acceptance of responsibility, resulting in a total offense level of 48.  However, pursuant to the sentencing guidelines, in rare cases where the total offense level is greater than 43, it is to be treated as an offense level of 43.  Thus, with a total offense level

of 43 and a criminal history category of I, the PSI calculated that Movant's guideline sentence would be life.  Nevertheless, pursuant to the guidelines, Movant's guideline sentence was 360 months, based upon the statutory maximum permissible term for the offense of conviction.

Movant filed objections to the presentence investigation report [CR-DE#40].  Prior to sentencing, Movant also filed a motion to withdraw his guilty plea [CR-DE#42], against the advice of counsel [CV-DE#14 Exh.1 (letter to Movant dated April 27, 2010 from F.Peacock); CR-DE#48, ¶3].  The basis of Movant's motion was that he then believed he did not employ, use, persuade, induce or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct as charged in the indictment [See CR-DE##42, 48].

The magistrate judge issued a report recommending that the Movant's motion to withdraw his guilty plea be denied, which was later adopted by the district judge [CR-DE##48, 50].  Therein, the Court found in relevant part that it had made certain during the change of plea hearing that Movant understood the maximum penalties he was facing, that Movant had had the opportunity to completely review both the plea agreement and stipulated factual basis before signing them, and that Movant had also discussed both documents fully with his attorney before signing them.  The Court further found that Movant completely understood the plea agreement and all its terms, which Movant acknowledged during the change of plea hearing.  Based on these and other findings, the Court denied Movant's motion to withdraw his guilty plea, concluding in relevant part that Movant had the close assistance of counsel throughout the pendency of the case, based on the fact that Movant had many discussions with counsel concerning the case.  The Court further concluded that Movant's plea was knowing and voluntary, as borne out

by the transcript of the change of plea hearing, and the Rule 11 colloquy contained therein.

Movant appeared for sentencing on June 7, 2010 [CR-DE##52, 60]. Despite having already adopted the magistrate judge's report recommending that Movant's motion to withdraw his guilty plea be denied, the district judge nevertheless allowed Movant to address the Court regarding the matter [CR-DE#60, p. 22 *et seq.*]. Movant then raised additional grounds for withdrawing his guilty plea, and contradicted a number of statements he made during his change of plea hearing. Movant admitted, however, that he and counsel specifically discussed negotiating changes to the language of the stipulated factual basis, and that counsel did so. The district judge reminded Movant that he had been placed under oath during the change of plea hearing, and confirmed that Movant had understood the significance of that oath. Movant acknowledged, in relevant part, that he had understood the maximum penalties he was facing. Movant also acknowledged that he had understood the sentencing guidelines, and that the Court had the authority to depart therefrom.

The Court re-affirmed its prior decision denying Movant's motion to withdraw his guilty plea, overruled Movant's objections to the PSI, and sentenced Movant to the statutory maximum term of 360 months imprisonment [CR-DE##53, 60]. Movant appealed and, on October 6, 2011, the Eleventh Circuit issued its decision affirming Movant's conviction and sentence [CR-DE##73, 82]. On November 15, 2011, Movant filed the instant motion to vacate, which the government concedes is timely filed.

<u>Standard of Review</u>

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is

otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.  To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under §2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255; see, also, Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999)("[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" )(internal citations and quotations omitted)).  However, the movant in a §2255 proceeding must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Aron v. United States, 291 F.3d 708, 715, n. 6 (11th Cir. 2002).  Otherwise, no evidentiary hearing is warranted.  Id, 291 F.3d at 714-715 (explaining that no evidentiary hearing is needed when claims are "affirmatively contradicted by the record" or "patently frivolous"); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)(noting that a hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record).

Moreover, a court need not conduct and evidentiary hearing where the issues can be conclusively decided on the basis of the evidence already in the record, and where the petitioner's version of the facts have already been accepted as true.  See, e.g., Turner

8

v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); Smith, 170 F.3d
at 1054; Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983);
Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

Discussion

In Ground One, Movant alleges ineffective assistance of counsel
based on Movant's lawyer's failure to properly advise Movant
regarding the sentencing guidelines that would apply prior to
entering his guilty plea.   In Ground Two, Movant alleges
ineffective assistance of counsel based on Movant's lawyer's failure
to properly advise Movant prior to his plea that if he denied he was
depicted in "relevant conduct photos" from 2007 and 2008 he risked
losing a three level reduction for acceptance of responsibility.
In Ground Three Movant alleges ineffective assistance of counsel
based on Movant's lawyer's failure to properly advise Movant prior
to his plea that acceptance of responsibility may not have
significant enough value at sentencing to waive his right to a jury
trial.   The prejudice Movant alleges in connection with all three
of these grounds is the loss of his right to a jury trial.   In
keeping with the dictates of Haines v. Kerner, 404 U.S. 519 (1972)
that a pro se litigant's pleadings be construed liberally, the Court
thus construes these claims as alleging that Movant's guilty plea
was unknowing and involuntary because it was based on ineffective
assistance of counsel.

The traditional rule is that a defendant's plea of guilty made
knowingly, voluntarily, and with the benefit of competent counsel
waives all non-jurisdictional defects up to that point in the
proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973)(noting
that a guilty plea represents a break in the chain of events which
had preceded it in the criminal process).   The waiver also extends
to claims of ineffective assistance of counsel that do not attack
the voluntariness of the guilty plea.   See Bradbury v. Wainwright,
658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992

(1982); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea).  Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See United States v. Broce, 488 U.S. 563, 574-575 (1989).

Because a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.  Brady v. United States, 397 U.S. 742, 748 (1970). To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984).

A guilty plea is, however, open to attack on the ground that counsel did not provide reasonably competent advice.  Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716 (1980)(citations omitted); see, also, Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992 (1982)(waiver of non-jurisdictional defects up to point of guilty plea in proceedings does not extend to claims of ineffective assistance of counsel that attack the voluntariness of the plea).  A habeas petitioner can thus overcome the otherwise voluntary and intelligent character of his or her guilty plea only if he or she can establish that the advice she received from counsel was not "within the range of competence

demanded of attorneys in criminal cases." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970).

    <u>Strickland's</u> two-part test applies when a prisoner contends ineffective assistance led him or her to enter "an improvident guilty plea." <u>Yordan v. Dugger</u>, 909 F.2d 474,477 (11th Cir.1990) (<i>citing</i> <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985)); <u>see</u> <u>also</u> <u>Missouri v.</u> <u>Frye</u>, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379(March 21, 2012)(internal citations and quotations omitted). The first part of the <u>Strickland</u> test of course asks whether "counsel's assistance was reasonable considering all the circumstances." 466 U.S. at 688. "As a corollary, the appropriate standard for evaluating counsel's pretrial investigation is 'reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" <u>Stano v. Dugger</u>, 921 F.2d 1125, 1149 (11th Cir. 1991)(citations omitted). An attorney also has an obligation "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." <u>Id.</u> at 1149-50. "Judicial scrutiny of counsel's performance must be highly deferential," however, and the courts should make certain "that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689.

    In the guilty plea context,

> the decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case.

<u>McMann</u>, 397 U.S. at 769-70. "[C]ounsel [thus] owes a lesser duty to a client who pleads guilty than to one who decides to go to

trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). Counsel's advice need not be errorless, and need not involve every conceivable defense; rather, it must simply be within the realm of competence demanded of attorneys representing criminal defendants. Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir. 1983)(citations omitted).

In cases where a guilty plea has been entered, application of Strickland's second prong requires a showing that there is a reasonable probability that, but for counsel's alleged errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 58. However, the defendant's "mere allegation that he would have insisted on trial . . . , although necessary, is ultimately insufficient to entitle him [or her] to relief." U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); see also Hutchings v. U.S., 618 F.3d 693 (7th Cir. 2010); U.S. v. Farley, 72 F.3d 158, 165 (D.C. Cir. 1995). Rather, the defendant must generally come forward with some objective evidence that he or she would not have pled guilty. Hutchings, 618 F.3d at 697. Indeed, there must be some showing that the decision to proceed to trial would have been rational under the circumstances. See Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010). As such, the court must look to the totality of the objective factual circumstances surrounding the plea in order to determine whether there is a reasonable probability that the petitioner would in fact have insisted on trial. See, generally, Hill, 474 U.S. at 59; Hutchings, 618 F.3d at 697. In many guilty plea cases, this inquiry will closely resemble the inquiry that the court would engage in to determine whether the result would have been different had the

petitioner proceeded to trial, and will generally include assessment of matters such as the strength of the prosecution's case, any available defenses, the plea colloquy and negotiations, and the potential sentencing exposure. See Hill, 474 U.S. at 59-60; Farley, 72 F.3d at 165. These issues are relevant precisely because they provide circumstantial evidence of the defendant's state of mind in making the plea. Miller v. Champion, 262 F.3d 1066, 1073 (10th Cir. 2001); see also Singleton v. Sec'y of Dept. Of Corr., 2009 WL 975 783, *4 (M.D. Fla. 2009 ("The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial."). A criminal defendant's subjective statements that he would have proceeded to trial can thus only support a finding of prejudice "if combined with probative, objective evidence" that the result would somehow have been different. Hutchings, 618 F.3d at 697. Indeed, the weight of authority holds that a self-serving and conclusory statement by the defendant is insufficient in itself to show prejudice in the context of guilty pleas. See, e.g., United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990); United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997); Parry v. Rosemeyer, 64 F.3d 110, 118 (3rd Cir. 1995); United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993); United States v. Horne, 987 F.2d 833, 836 (D.C. Cir. 1993); Bonvillain v. Blackburn, 780 F.2d 1248, 1253 (5th Cir. 1986). Moreover, any potential prejudice from alleged off-the-record misadvice or failure to advise regarding sentencing can be cured by the court during the plea colloquy. See Barker v. United States, 7 F.3d 629, 633-34 (7th Cir. 1993)(finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of defendant at the change of plea hearing); United

13

States v. Hamm, 2012 WL 3643196, *3 (M.D.Pa. 2012)(any prejudice from earlier, off-the-record prediction by counsel was cured by the Court's advisement, and defendant's acknowledgment, regarding applicable sentencing designation, advisory guideline range, and maximum sentence permitted by law).

Here, the court carefully confirmed during the Rule 11 colloquy that the plea was free from coercion, and that Movant understood the nature of the charges and the consequences of his plea.  The court further confirmed that Movant had fully discussed the charges with his attorney, including any possible defenses that Movant might have.  The court advised Movant of the statutory maximum penalties, and Movant acknowledged that he understood.  Movant also acknowledged that had discussed the federal sentencing guidelines with his attorney, and that he understood how those guidelines would be used to determine the sentence in his case.  Significantly, Movant further acknowledged that any estimate of a probable sentence that he might have received was only a prediction, and not a promise, and was not binding on the probation office or the court. Movant nevertheless asserts that counsel failed to properly advise him with regard to the federal sentencing guidelines, claiming that counsel failed to understand the significance of relevant conduct and the basic structure of the sentencing guidelines.

A habeas petitioner must set forth specific facts supported by competent evidence which, if proved at a hearing, would entitle him to relief.  United States v. Aiello, 900 F.2d 528, 534 (2nd Cir. 1990).  A claim of ineffective assistance of counsel will thus fail unless the petitioner affirmatively demonstrates both attorney error and resulting prejudice by alleging facts or specific details.  See Spillers v. Lockhart, 802 F.2d 1007, 1010 (8th Cir. 1986). Conclusory allegations are insufficient to establish ineffective assistance of counsel.  Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992).   In addition, a criminal defendant's

14

representations during the plea proceeding, as well as those of his lawyer and the prosecutor, and the findings by the Court when accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994); see also United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Here, Movant Movant offers nothing other than his own self-serving statement that trial counsel failed to properly advise him regarding application of the federal sentencing guidelines. Indeed, Movant's contention that counsel somehow failed to understand the significance of relevant conduct and the basic structure and mechanics of the sentencing guidelines is belied by Movant's own admission that counsel specifically negotiated changes to stipulated factual basis in an attempt to minimize Movant's sentencing exposure. Therefore, even taking Movant's allegations as true, Movant has failed to meet his burden in establishing deficient performance by his attorney. Moreover, Movant's conclusory assertions of misadvice regarding the sentencing guidelines directly contradict his sworn statements made during the plea colloquy.

Regardless, even if Movant could establish deficient performance by his attorney, Movant would still not be able to establish prejudice. Again, Movant offers nothing more than his own self-serving statement that, had he known he might receive the

statutory maximum because of enhancements under the sentencing guidelines, he would have proceeded to trial. Again, this contention directly contradicts Hovant's previous sworn statements that he understood how the sentencing guidelines would be applied to his case, and that he understood that he could receive the statutory maximum. In addition, the government made numerous concessions to Movant in the plea agreement, and Movant understood that his sentence was uncertain at the time Movant accepted those concessions. Movant's suggestion that the government's concessions were "illusory" because Movant nevertheless received the statutory maximum after the relevant sentencing enhancements were applied amounts to nothing more than allegations of prejudice based on 20/20 hindsight. Moreover, any prejudicial "illusions" that Movant claims to have had about a probable sentence based on the concessions by the government, the advice of his counsel, or otherwise, were cured by the Court during the plea colloquy. Furthermore, the record reflects that the government had a strong case, and Movant apparently had no viable defense at trial. Indeed, as the selectively-redacted letter from his attorney that Movant attached to his reply reveals, counsel for Movant still felt that it was in Movant's best interest not to attempt to withdraw his guilty plea and to instead attempt to mitigate his federal sentence, even after receiving the PSI [CV-DE#14, Exh. 1 (letter to Movant dated April 27, 2010 from F.Peacock)]. Finally, it is particularly significant that during his sentencing hearing, when Movant was permitted to raise additional grounds in support of his motion to withdraw his guilty plea, Movant never once stated that trial counsel had failed to properly advise him regarding application of the sentencing guidelines.

Based on the foregoing, Movant's claims of ineffective assistance of counsel in relation to his guilty plea raised in Grounds One, Two, and Three of his motion are subject to summary

denial. <u>See</u> <u>Padilla</u>, 130 S.Ct. at 1485 (requiring some showing that decision to proceed to trial would have been rational under the circumstances); <u>Hill</u>, 474 U.S. at 59-60 (court should look to the totality of the circumstances to determine whether there is a reasonable probability that the petitioner would have proceeded to trial); <u>Blackledge</u>, 431 U.S. at 75 (petition must state facts that point to a real possibility of error); <u>Hutchings</u>, 618 F.3d at 697 (defendant must generally come forward with some objective evidence that he or she would not have pled guilty); <u>Lemaster</u>, 403 F.3d at 221-222 (district court should ordinarily dismiss §2255 motion that necessarily relies on allegations contradicting sworn statements); <u>Clingman</u>, 288 F.3d at 1186 (mere allegations that defendant would have proceeded to trial insufficient); <u>LaBonte</u>, 70 F.3d at 1413 (a conclusory, self-serving statement by the defendant that he would have pleaded not guilty is insufficient to demonstrate prejudice); <u>DeVille</u>, 21 F.3d at 659 (defendant's solemn declarations in open court carry strong presumption of truthfulness);[3] <u>Barker</u>, 7 F.3d at 633-34 (no ineffective assistance where any prejudice caused by counsel's misinformation was cured by court's examination of defendant at the change of plea hearing); <u>Wilson</u>, 962 F.2d at 998 (conclusory allegations are insufficient to establish ineffective assistance of counsel); <u>Arvanitis</u>, 902 F.2d at 494 (a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice); <u>Hamm</u>, 2012 WL 3643196 at *3 (any prejudice caused by counsel's off-the-record prediction was cured by court's advisement and defendant's acknowledgment of applicable sentencing designation, advisory guideline range, and maximum sentence).

Because Movant cannot prevail on his claims of ineffective assistance of counsel in relation to his guilty plea, he cannot

---

[3]<u>See</u> <u>also</u> <u>Blackledge</u>, 431 U.S. at 73-74 (defendant's sworn statements constitute formidable barrier in subsequent collateral proceedings).

overcome the knowing and voluntary nature of his plea.  <u>See</u> <u>Mabry</u>, 467 U.S. at 508.  His claims of pre-plea ineffective assistance of counsel raised in <u>Ground Four</u>, <u>Five</u>, <u>Six</u>, and <u>Nine</u> are, therefore, barred.  <u>See</u> <u>Tollett</u>, 411 U.S. at 267; <u>Bohn</u>, 956 F.2d 208, 209; <u>Bradbury</u>, 658 F.2d at 1087.

Movant's remaining claims merit little discussion.  In <u>Ground Seven</u>, Movant alleges ineffective assistance of counsel based on Movant's lawyer's failure to secure medical evidence of K.K., when the P.S.R. enhanced for the alleged vaginal penetration and the A.U.S.A. proffered a picture depicting vaginal penetration.  As the government notes, the enhancement for the victim being vaginally penetrated was based on the district court's review of a photograph of the child being vaginally penetrated, and there is no legal requirement that penetration be established through medical evidence.  Moreover, Movant has failed to allege that the medical evidence would have established that no evidence of penetration was found.  And regardless, the absence of medical evidence confirming that vaginal penetration occurred would not establish that it did not, and would therefore not be dispositive.  Consequently, Movant cannot establish either deficient performance or prejudice based on his lawyer's failure to obtain medical evidence of the victim.

Finally, in <u>Ground Eight</u>, Movant alleges ineffective assistance of counsel based on Movant's lawyer's failure to obtain for Movant the pictures that were being used against him to demonstrate sexual conduct to the Court.  To the extent that Movant may mean to allege that counsel was ineffective in failing to obtain these pictures prior to the entry of his guilty plea, any such claim of pre-plea ineffectiveness is barred for the reasons set forth above.  To the extent that Movant may mean to allege that counsel was ineffective at sentencing, any such claim would be nonsensical.  The pictures that were used to demonstrate the sexual conduct to the Court at

18

sentencing were obviously available at sentencing, and both Movant
and his counsel had an opportunity to view them at that time.

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings
provides that "the district court must issue or deny a certificate
of appealability when it enters a final order adverse to the
applicant," and that if a certificate is issued, "the court must
state the specific issue or issues that satisfy the showing required
by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2255
Proceedings for the United States District Courts (hereinafter
"Habeas Rules"). Rule 11(a) further provides that "[b]efore
entering the final order, the court may direct the parties to submit
arguments on whether a certificate should issue." <u>Id.</u> Regardless,
a timely notice of appeal must still be filed, even if the court
issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a
"substantial showing of the denial of a constitutional right." 28
U.S.C. §2253(c)(2). Where a §2255 movant's constitutional claims
have been adjudicated and denied on the merits by the district
court, the movant must demonstrate reasonable jurists could debate
whether the issue should have been decided differently or show the
issue is adequate to deserve encouragement to proceed further.
<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v.</u>
<u>McDaniel</u>, 529 U.S. 473, 483-84 (2000). Where a §2255 movant's
constitutional claims are dismissed on procedural grounds, a
certificate of appealability will not issue unless the movant can
demonstrate both "(1) 'that jurists of reason would find it
debatable whether the [or motion] states a valid claim of denial of
a constitutional right' and (2) 'that jurists of reason would find
it debatable whether the district court was correct in its
procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th

Cir.2001)(<u>quoting</u> <u>Slack</u>, 529 U.S. at 484).  "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  <u>Slack</u>, 529 U.S. at 484-85.

Having determined that some of Movant's claims are barred on procedural grounds and that Movant's remaining claims fail on the merits, the court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion.  After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings.  The court further  concludes that reasonable jurists would not find the court's treatment of any of Movant's remaining claims debatable and that none of the issues are adequate to deserve encouragement to proceed further.  Accordingly, a certificate of appealability is not warranted.  <u>See</u> <u>Miller-El</u>, 537 U.S. at 336-38; <u>Slack</u>, 529 U.S. at 483-84; <u>see also</u> <u>Slack</u>, 529 U.S. at 484-85 (each component of the §2253(c) showing is part of a threshold inquiry); <u>Rose</u>, 252 F.3d at 684.

<u>Conclusion</u>

Based upon the foregoing, it is recommended that the motion to vacate be DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

SIGNED this 26th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  James T. Byrne, pro se
     Reg. No. 94319-004
     Petersburg Medium
     Federal Correctional Institution
     P.O. Box 1000
     Petersburg, VA 23804

     Jennifer C. Millien, AUSA
     United States Attorney's Office
     500 S. Australian Ave., Suite 400
     West Palm Beach, FL 33401